IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| TINA AGUILAR, § | | CIVIL ACTION NO. |
| PLAINTIFF, § | | |
| § | | |
| v. § | | 7:19-CV-250 |
| § | | |
| GREAT WESTERN DINING § | | |
| SERVICE, INC., § | | |
| DEFENDANT. § | | JURY DEMANDED |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**Plaintiff TINA AGUILAR ("Plaintiff")** files this Complaint and would respectfully show the Court as follows:

### PARTIES

1. Plaintiff is an individual who currently resides in Ector County, Texas.

2. **Defendant GREAT WESTERN DINING SERVICE, INC. ("Defendant")** is a Missouri corporation with its principal place of business in Tipton, Missouri. Defendant may be served with process through its registered agent, James Ceabron Allen, 1800 Walnut Avenue, Odessa, TX 79761.

### JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §§ 1331 and 1343, this Court has federal question jurisdiction because the action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3).

4. Venue is proper in the U.S. District Court for the Western District of Texas, Midland-Odessa Division pursuant to 42 U.S.C. § 1391(b) because the unlawful practices alleged below were committed therein.

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

5. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). Plaintiff received a Notice of Right to Sue (RTS Notice) from the EEOC on or about July 26, 2019. Plaintiff filed this suit within ninety (90) days. A true and correct copy of the RTS Notice is attached as Exhibit A.

6. Plaintiff timely filed a second Charge of Discrimination with the EEOC. The second charge is still pending. Plaintiff hereby provides notice that she will seek leave to amend to add the claims covered by the second charge once the second RTS Notice is received.

## CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred.

## FACTS

**Plaintiff's Former Boss Brings Her with Him When He Goes to Work for Defendant.**

8. Defendant provides contracted dining services for schools, colleges, universities, camps, conference centers, and businesses.

9. Defendant currently provides dining services in seven states in the Midwest and is the approved vendor for all junior and community colleges in the State of Texas that elect to participate in the Texas Community College Cooperative Purchasing Network.

10. Defendant provides dining services to Midland College and Odessa College.

11. Plaintiff had worked previously with Midland College Food Director Mike Piskorick, and he requested that she be hired with him.

12. After Plaintiff interviewed with Piskorick and his supervisor District Manager Harold Jensen, Jensen expressed concern about Plaintiff's use of a cane. Due to hip pain and lumbar radiculopathy, Plaintiff uses a cane to walk.

13. Piskorick told Jensen that Plaintiff's use of a cane would not restrict her from performing her job duties, which were essentially clerical administrative duties.

14. Defendant hired Plaintiff as an Administrative Assistant for its Midland College Unit on or about January 29, 2018. She was hired for 39 hours per week. She was also assigned to assist Harold Jensen with the accounts at Western Texas College in Snyder and Howard College in Big Spring.

15. Numerous times, District Manager Harold Jensen acknowledged and praised Plaintiff's performance and ability to complete tasks and financials in a time manner.

**Odessa College Food Service Director Begins Sexually Harassing Plaintiff.**

16. Odessa College acquired a new Food Services Director, Tony Morales.

17. Due to Plaintiff's track record with providing financial support at numerous accounts, Defendant assigned Plaintiff to Odessa College also.

18. Defendant promoted Plaintiff to District Administrative Assistant on or about August 17, 2018. It was agreed that Plaintiff would be made available to support any and all units within Harold Jensen's district.

19. Since Odessa College seemed to need the most support at that time, Plaintiff agreed to split her days between Midland and Odessa.

20. Defendant's Odessa College Food Services Director Tony Morales made several offensive sexual remarks beginning on or about September 26, 2018. On the day, Plaintiff mentioned some therapeutic acupuncture insoles that she had found helpful with back pain. She

thought this might be useful information for their employees who have to stand on their feet for long periods of time.

21. Morales asked Plaintiff is she had ever used a tens unit for pain. She explained that it would not be useful for her condition.

22. Morales went on to explain how he used one to treat his erectile dysfunction.

23. Plaintiff told him that the conversation was not appropriate, and he just laughed.

24. The next day, Morales inquired about Plaintiff's husband's performance. Morales asked if Plaintiff's husband was capable of performing or if she had to orally stimulate him.

25. Plaintiff again told him that was not a conversation for work.

26. On the same day, Morales inquired if Piskorick is gay. Plaintiff explained to Morales that everyone's personal life is their own business and that she was only interested in what happens at work.

27. The following Monday, Morales asked if Plaintiff still had a cycle, stating that was probably the reason she was complaining all of the time and that everyone thought she was rude.

28. Morales would close the door while in the office with Plaintiff. This made Plaintiff extremely uncomfortable. She requested the Morales please keep the door open while she was in the office with him. He ignored her requests.

29. Morales continued to initiate conversations of a sexual nature. For example, Morales would ask questions about Plaintiff's husband's performance and her satisfaction. He constantly stated that Plaintiff must be on her period all month and how he felt sorry for her husband. On one incident, Morales inquired what position her husband had to take because her husband is fit and she is fat.

30. Morales' conduct interfered with Plaintiff's ability to perform her job duties.

### **Plaintiff Reports Morales' Harassment to Management.**

31. Plaintiff reported Morales' actions to Midland Director Piskorick on September 26, 2018. Piskorick encouraged her to approach District Manager Harold Jensen on these matters, in compliance with company policies.

32. On October 3, 2018, Plaintiff emailed District Manager Harold Jensen a detailed statement reporting the events that had taken place up to that date, including Morales' calling Plaintiff "hormonal" and "menopausal."

33. She reported multiple instances of sexual harassment and other offensive conduct to Piskorick between September 26, 2018 and November 26, 2018 and repeatedly called Jensen and left messages to report them, but her calls went unanswered.

### **Plaintiff's Supervisor Confirms the Reports.**

34. On one of his visits to Midland, District Manager Harold Jensen met with Midland Food Services Director Mike Piskorick in private. Jensen told Piskorick that he wanted to meet in a building separate from Plaintiff because "he really didn't have the time to rehash all the drama with her."

35. During that face-to-face meeting, Jensen asked Piskorick if Plaintiff's complaints were valid or fabricated.

36. Jensen told Piskorick that he had asked Morales about the sexual devices, and Morales admitted to the conversation but said it was taken out of context. According to Morales, he was referring to his days when he was a paramedic or EMT and they would have to perform electrical shock to revive patients, which sometimes caused males to get an erection.

37. Piskorick told Jensen that Plaintiff had always been an outstanding employee for him, and he had known her for numerous years. She had always respected her job and professionalism. Allegations such as she was describing should be taken seriously.

38. Jensen expressed disgust with Morales and his behavior. Jensen said that the was going to put Morales on 30 days' probation. Jensen said he could not terminate Morales because he would not be able to find a replacement, and the account could not suffer losing yet another director.

39. In addition, Jensen stated that Morales' wife, who was the Assistant Director, would almost certainly resign if Morales were to be terminated. Jensen stated that he had no choice but to keep Morales at Midland College.

40. Piskorick told Jensen that he really needed to talk to Plaintiff about these issues. Jensen responded, "I don't have time for that fucking shit. I will handle Tony [Morales]."

41. On or about November 9, 2018, Plaintiff went to Morales' office to pick up required paperwork. Morales saw Plaintiff through the big picture window but did not get up to open the door for her. Plaintiff inserted her key in the door. Morales then yanked the door open while her key was still in the lock and pulled her into the office which broke her lanyard and knocked Plaintiff off balance. She reported this incident to Piskorick.

**Defendant Begins a Pattern of Retaliation Against Plaintiff.**

42. On or about November 20, 2018, District Manager Harold Jensen told Plaintiff that she could not work any overtime. Plaintiff is unable to complete her job duties in the time allowed. She feels that she was being set up to fail.

43. Plaintiff is frequently called upon to handle duties outside of normal work hours, and she is not compensated for them. In other words, she is forced to work off-the-clock.

44. Other employees are allowed to work overtime as needed.

45. Finally, Plaintiff had no choice but to request to be removed from the Odessa Unit, where she was being subjected to the sexual harassment each time she had to physically visit the Odessa location, and where her harasser Food Service Director Tony Morales continuously refused to provide her with the data she needed to complete her job duties in a timely fashion.

46. Plaintiff requested to be removed from the Odessa unit only – not the other seven units.

47. Defendant reduced Plaintiff's rate of pay from $20.00 per hour to $18.50 per hour and reduced the number of hours that Plaintiff was scheduled to work. The pay reduction was effective November 30, 2018.

48. Defendant attempts to justify the pay cut as a return to her previous position in Midland only, but Plaintiff continued to be responsible for phone support of the other units.

49. In addition, Defendant began laying Plaintiff off for breaks like Christmas and Spring Break when school is not in session.

50. Prior to her sexual harassment complaint, Defendant retained Plaintiff to work on these breaks as she has plenty of administrative duties to perform even if the students are not in school.

51. Defendant denied Plaintiff the ability to work overtime necessary to complete her job duties.

52. Defendant cut Plaintiff's hours and reduced her role in the company.

53. Defendant offered to "allow" Plaintiff to collect unemployment if she would resign and withdraw her EEOC charge.

**Defendant Uses Plaintiff's Disability Against Her.**

54. Defendant used Plaintiff's disability as a weapon against her. Jensen told Plaintiff she would need to do walkthroughs of the kitchen. The requirement was withdrawn when she filed a formal request for accommodation of her disability.

55. In January 2019, Jensen called a meeting with Plaintiff with the intent to terminate her. He accused her of theft of time and altering company records.

56. Plaintiff presented him with evidence refuting his accusation, and she was not terminated at that time.

57. On February 19, 2019, Jensen sent Piskorick and email recommending to "minimize" Plaintiff's role in the company and limit her to no more than 20 hours per week.

58. On March 13, 2019, Plaintiff filed her first Charge of Discrimination with the EEOC.

59. On March 27, 2019, Plaintiff provided medical documentation to confirm her inability to walk or stand for prolonged periods of time. She requested a reasonable accommodation for her disability.

60. Midland Food Services Director Mike Piskorick resigned and was replaced by Alvin Carter.

61. Carter began discriminating against Plaintiff on the basis of her disability.

62. On August 29, 2019, Carter instructed Plaintiff to perform inventory at Pepe Café, which is on the second floor. The elevator was down. Carter sprinted up the stairs quickly and watched from the top as Plaintiff pulled herself up the stairs one step at a time.

63. Plaintiff performed the inventory with much difficulty as she was required to move product around to perform an accurate count. Going down the stairs, Plaintiff was in excruciating pain.

64. Midland College's Dean of Instructional Support Services Michael Dixon noticed her distress and assisted her to his office. Plaintiff was in so much pain that she could not remember where she had parked. He left her with his secretary while he and another employee scouted the parking lot for Plaintiff's vehicle.

65. Plaintiff filed an employee incident report on September 4, 2019, because Carter refused to file one, a violation of company policy.

66. In compliance with Defendant's Employee Handbook, Plaintiff filed an internal complaint of discrimination and requested an investigation. She also requested reasonable accommodation of her disability again.

67. Defendant's Harassment and Discrimination Policy states, "Any reported allegations of harassment, discrimination, or retaliation will be investigated promptly, thoroughly, and impartially."

68. Defendant's Harassment and Discrimination Policy also states, "When the investigation is completed, you will be informed of the outcome of that investigation."

69. On August 31, 2019, President John Nilges acknowledged the complaint, but he has never reported back to Plaintiff regarding the results of the investigation.

70. Plaintiff filed a second Charge of Discrimination on or about September 25, 2019, alleging discrimination on the basis of disability and age, in addition to sex and retaliation.

71. Defendant continues to subject Plaintiff to a hostile work environment, including but not limited to requiring Plaintiff to perform inventory while rolling herself around on an office

chair. A reasonable person would have quit under the same or similar circumstances; however, Plaintiff is determined not to quit.

## COUNT ONE – TITLE VII - SEX DISCRIMINATION-HOSTILE WORK ENVIRONMENT

72. Plaintiff incorporates by reference and re-alleges reference all of the foregoing and further alleges as follows:

73. Plaintiff is an employee within the meaning of Title VII. See 42 U.S.C. § 2000e(f).

74. Defendant is an employer within the meaning of Title VII. See 42 U.S.C. § 2000e(b).

75. Defendant intentionally discriminated against Plaintiff by subjecting her to a hostile work environment because of her sex.

76. Defendant knew or should have known about the harassment and failed to prevent and/or correct it.

77. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages. Defendant's conduct was willful and justifies an award of punitive damages.

## COUNT TWO – TITLE VII – SEX RETALIATION

78. Plaintiff incorporates and re-alleges all of the foregoing and further alleges as follows:

79. Plaintiff is an employee within the meaning of Title VII. *See* 42 U.S.C. §2000e(f).

80. Defendant is an employer within the meaning of Title VII. *See* 42 U.S.C. §2000e(b).

81. Plaintiff engaged in protected activity including but not limited to her complaints to Midland Food Services Director Mike Piskorick and District Manager Harold Jensen. Plaintiff also engaged in protected activity when she filed her first and second EEOC charges.

82. Defendant retaliated against Plaintiff in violation of Title VII, 42 U.S.C. §2000e-3(a) including but not limited to demoting her, reducing her pay, reducing her hours, not allowing her to work overtime, giving her impossible job duties to perform in the time authorized for her to work, and generally attempting to make her quit.

83. To the extent that Defendant contends that Plaintiff was a legitimate non-discriminatory reason, said reason is a mere pretext for discrimination. Plaintiff would not have been discriminated against but for her protected activity.

84. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages. Defendant's conduct was willful and justifies an award of punitive damages.

## DAMAGES

85. Plaintiff has suffered damages including but not limited to backpay, front pay, and mental anguish/emotional distress.

## ATTORNEY'S FEES

86. Plaintiff was forced to engage counsel to protect her rights. Plaintiff is entitled to an award of attorneys' fees and costs (including but not limited to an award of reasonable expert witness fees), both trial and appellate, under the ADEA, 29 U.S.C. § 626(b), Title VII, 42 U.S.C. §2000e-5(f)(3), and/or Texas Labor Code § 21.259.

## INTEREST

87. Plaintiff is entitled to prejudgment and post judgment interest at the highest lawful rate.

## JURY TRIAL DEMAND

88. Plaintiff demands a jury trial.

## PRAYER

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant for the following:

a. Compensatory and punitive damages;

b. Back pay and front pay;

c. Attorney's fees and costs;

d. Prejudgment and post-judgment interest;

e. Such other and further relief, at law or in equity, to which Plaintiff may show herself justly and lawfully entitled.

Respectfully submitted,

By: /s/ Holly B. Williams
　　　Holly B. Williams
　　　Texas Bar No. 00788674

**WILLIAMS LAW FIRM, P. C.**
1209 W Texas Ave
Midland, TX 79701-6173
432-682-7800
432-682-1112 (fax)
holly@williamslawpc.com

**ATTORNEY FOR PLAINTIFF
TINA AGUILAR**

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**     **EXHIBIT A**

## DISMISSAL AND NOTICE OF RIGHTS

**To:** Tina Aguilar
2744 n adams ave
Odessa, TX 79762

**From:** El Paso Area Office
100 N. Stanton St.
6th Floor, Suite 600
El Paso, TX 79901

[ ]   On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 453-2019-00552 | Jessie E. Moreno, Investigator | (915) 534-4528 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Lucy V. Orta* (signature)

Lucy V. Orta,
Area Office Director

JUL 2 4 2019   *(Date Mailed)*

Enclosures(s)

cc: Patrice B. Wilson
Meaders & Lanagan
Two Riverway, Suite 845
Houston, TX 77056